**ANDREW R. TARDIFF (MDB #1612140290)**
andrew.tardiff@usdoj.gov
T: (202) 305-3284
**EMILY A. DAVIS (DCB #90017602)**
emily.davis@usdoj.gov
T: (202) 305-0482
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Attorneys for Defendant United States Department of the Air Force

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N,** et al., | Case No. 2:24-cv-00145-HL |
| Plaintiffs, | |
| v. | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)** |
| **U.S. DEPARTMENT OF THE AIR FORCE,** | |
| Defendant. | |

## INTRODUCTION

On March 25, 2024, Defendant United States Department of the Air Force moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss this suit for lack of jurisdiction.  *See* Def.'s Mot. to Dismiss (Mot.), ECF No. 10.  Defendant's motion argues that Plaintiffs have failed to sufficiently allege both: (1) organizational standing (*i.e.*, direct standing); and (2) associational standing (*i.e.*, representative standing).  *Id.*  With respect to organizational standing, Plaintiffs (three environmental not-for-profit organizations) have failed to allege that they have suffered a diversion of resources or otherwise pled, with any specificity, a direct injury.  *Id.* at 7-11.  With respect to associational standing, Plaintiffs have failed to plead an "identified member" of their organizations who would otherwise have independent standing to sue, a requirement in environmental suits such as this one. *Id.* at 6-7.  On April 2, 2024, Plaintiffs opposed the motion to dismiss by addressing only associational standing.  *See* Pls.' Resp. to Def.'s Mot. to Dismiss (Resp.), ECF No. 11.

As discussed further below, Plaintiffs' failure to address organizational standing in their opposition concedes that argument.  And as to associational standing, Plaintiffs' contention that they need not identify an organizational member who has standing is contrary to established caselaw in the Ninth Circuit.

For the following reasons, Plaintiffs' Complaint should be dismissed for lack of jurisdiction.

## ARGUMENT

### I.    Plaintiffs Have Waived Arguments in Favor of Organizational (Direct) Standing by Failing to Address It in their Opposition Brief.

"[W]here a non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived." *Hartranft v. Encore Cap. Grp., Inc.*, 543 F. Supp. 3d 893, 913–14 (S.D. Cal. 2021) (citing *Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016)). Concluding that there was "no need to address" Defendant's arguments concerning organizational standing, Plaintiffs made a deliberate choice not to brief that issue. *See* Resp. 7. As such, the Court should consider Plaintiffs' arguments on this issue to be waived.

### II.    Contrary to Plaintiffs' Arguments, Individual Members Must Be Named at The Pleading Stage to Demonstrate Associational (Representative) Standing.

For associational standing, organizational plaintiffs in environmental cases generally must demonstrate, *inter alia*, that "at least one identified member" of the organization has standing to sue in his or her own right. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009). Plaintiffs do not dispute that their Complaint fails to identify even a single member of their organizations who alleges harm from the Governmental actions sought to be reviewed in this case. *See generally* Resp. Instead, Plaintiffs claim that the Ninth Circuit has rejected the rule that a complaint seeking to establish jurisdiction based on associational standing must identify members by name. *See id.* at 11 (citing *Nat'l Council of La Raza v. Cegavske,* 800 F.3d 1032 (9th Cir. 2015)). This is not so.

3

Like the posture of the instant case, *La Raza* involved a Rule 12(b) dismissal. *See* 800 F.3d at 1034 ("[Plaintiffs] appeal the dismissal with prejudice of their complaint."). But *La Raza* involved claims under the National Voter Registration Act ("NVRA"), not the National Environmental Policy Act ("NEPA"). *See id.* at 1034 ("[T]heir complaint … alleges that Nevada's Secretary of State and Director of the Department of Health and Human Services … have violated, and continue to violate, Section 7 of the National Voter Registration Act of 1993."). The provisions of the NVRA at issue, including a mandate that public assistance offices distribute voter registration application forms to *each* applicant for public assistance, have a facial effect on individuals. *See id.* at 1035; 52 U.S.C. § 20506(a)(2)(A), § 20506(a)(6). Accordingly, the *La Raza* court determined that there was "no purpose to be served by requiring an organization to identify by name the member or members injured" because "it is relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected by a defendant's action." 800 F.3d at 1041. NEPA, on the other hand, concerns the "human *environment*" and sets out procedural obligations for Federal agencies to follow when assessing the environmental impact of proposed agency actions. *See* 42 U.S.C. § 4332(2)(C) (emphasis added). With such a statute, which only regulates agency conduct, "the plaintiff is not himself the object of the government action or inaction he challenges," and standing is typically "substantially more difficult" to establish. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562 (1992) (citation omitted).

Consequently, contrary to Plaintiffs' assertions, *La Raza* did not reject the so-called "*Summers* rule" requiring at least one identified member for associational standing. *Summers*, 555 U.S. at 498. Rather, *La Raza* merely examined whether the *Summers* rule "must always" be applied such that, regardless of the nature of the claim, individual members are identified by an organization seeking to establish associational standing. 800 F.3d at 1041 ("We are not convinced that *Summers*, an environmental case brought under the National Environmental Policy Act, stands for the proposition that an injured member of an organization must always be specifically identified in order to establish Article III standing for the organization."). Thus, the best reading of Ninth Circuit precedent is that, at least for NEPA cases, plaintiffs asserting representative standing are required to identify specific members in the complaint. Hence, in cases like *California Association for Preservation of Gamefowl v. Stanislaus County,* No. 20-cv-01294, 2023 WL 1869010, at *17 (E.D. Cal. Feb. 9, 2023), *report and recommendation adopted*, No. 20-cv-01294, 2023 WL 3862717 (E.D. Cal. June 7, 2023), courts have distinguished non-NEPA cases from those "involving general allegations of enjoying natural areas[,]" where the "*Summers* rule" applies. *See also Animal Legal Def. Fund v. Bernhardt*, No. 19-cv-06812, 2020 WL 6802838, at *4 (N.D. Cal. May 18, 2020) (dismissing environmental complaint because it "fails to show that 'at least one *identified* member [has] suffered or would suffer harm.'" (alteration in original) (quoting *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 483 (9th Cir. 2011), *abrogated on other grounds by Cottonwood Env't L. Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075 (9th

5

Cir. 2015)); *Fish Nw. v. Thom*, No. C21-570, 2021 WL 4744768, at *4 (W.D. Wash.

Oct. 12, 2021) ("A generalized statement that FNW's unidentified members 'care

deeply' about the recovery and conservation of Puget Sound salmon is insufficient to

establish injury without additional facts.").  Courts outside the Ninth Circuit have

likewise applied *Summers* at the pleading stage.  *See Conf. of State Bank*

*Supervisors v. Off. of Comptroller of Currency*, 313 F. Supp. 3d 285, 298-99 (D.D.C.

2018); *W. Wood Preservers Inst. v. McHugh*, 925 F. Supp. 2d 63, 69–70 (D.D.C.

2013); *Californians for Renewable Energy v. U.S. Dep't of Energy*, 860 F. Supp. 2d

44, 48 (D.D.C. 2012).

      The cases cited by Plaintiffs do not suggest otherwise.  *See generally* Resp.

12-13.  First, none are relevant to interpreting *Summers*, as they all were decided at

least seven years before *Summers*.  *See id*.  Second, none involve NEPA claims.  *See*

*Cardenas v. Anzai*, 311 F.3d 929 (9th Cir. 2002) (distributions under a Medicaid

statute); *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172 (9th Cir. 2000)

(land exchange under the Federal Land Policy and Management Act); *Mt. Graham*

*Red Squirrel v. Espy*, 986 F.2d 1568 (9th Cir. 1993) (Arizona-Idaho Conservation

Act); *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862 (9th Cir. 2002) (civil rights

laws).  And, third, none specifically address the individual members issue.  *See, e.g.,*

*Desert Citizens*, 231 F.3d at 1176 (noting, without further detail, that Desert

Citizens had alleged that "its members make use of the federal lands").

## III.    Declarations at the Summary Judgment Stage Are Not a Substitute for a Properly Pleaded Complaint.

Plaintiffs argue that, even if their interpretation of caselaw is incorrect, it is sufficient to instead "provide specific member declarations to prove their Article III standing at the summary judgment stage[.]" Resp. 13. As Plaintiffs acknowledge, however, Defendant has brought a facial jurisdictional challenge. *Id*. at 6 ("As the Air Force notes, its motion is a facial challenge . . ."); Mot. 6 ("Plaintiffs' complaint fails to allege facts that would be sufficient to establish either associational or organizational standing . . ."). A facial challenge "confin[es] the inquiry to allegations in the complaint[.]" *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Thus, a court "cannot consider" declarations—submitted now or later—in resolving this motion. *See Bernhardt*, 2020 WL 6802838, at *4. And "[c]ourts should generally decide, as a threshold matter, whether they have subject matter jurisdiction before moving on to other, non-merits threshold issues." *Bibiano v. Lynch*, 834 F.3d 966, 970 n.4 (9th Cir. 2016) (*citing Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

## CONCLUSION

For the foregoing reasons, and the reasons explained in Defendant's Motion to Dismiss, this Court should dismiss Plaintiffs' complaint.

Respectfully submitted this 16th day of April, 2024.

TODD KIM
Assistant Attorney General

*s/ Andrew R. Tardiff*
ANDREW TARDIFF
EMILY DAVIS
Trial Attorneys
Natural Resources Section
Environment and Natural Resources
Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

*Attorneys for the United States*
*Department of the Air Force*