**ANDREW R. TARDIFF (MDB #1612140290)**
andrew.tardiff@usdoj.gov
T: (202) 305-3284
**EMILY A. DAVIS (DCB #90017602)**
emily.davis@usdoj.gov
T: (202) 305-0482
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Attorneys for Defendant United States Department of the Air Force

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N,** et al., | Case No. 2:24-cv-00145-HL |
| Plaintiffs, | |
| v. | **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD** |
| **U.S. DEPARTMENT OF THE AIR FORCE,** | |
| Defendant. | |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

LEGAL STANDARD ...................................................................................................... 2

ARGUMENT ................................................................................................................... 4

    I.    The Air Force Properly Excluded Deliberative Materials from the Record ............................................................................................................. 4

        a.    The Redacted and Withheld Materials Are Deliberative ............. 4

            i.    Internal Notes ..................................................................... 4

            ii.    Public Engagement and Consultation Documents ............ 8

        b.    The Air Force Has Not Waived Deliberative Process Privilege by Releasing Unredacted Documents in Unrelated FOIA Litigation ............................................................... 9

    II.    ONDA's Scoping Comments Are Not Part of the Record Because They Were Not "Before" The Agency ..................................................... 10

    III.    Plaintiffs Have Not Demonstrated the Index as Organized Fails to Permit Meaningful Review ................................................................ 11

    IV.    Plaintiffs Have Not Demonstrated That a New Search Is Necessary .......................................................................................... 12

CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bar MK Ranches v. Yuetter,*
   994 F.2d 735 (10th Cir. 1993) ................................................................................... 21

*Blue Mountains Biodiversity Project v. Jeffries,*
   99 F.4th 438 (9th Cir. 2024) ........................................................................ 4, 5, 6, 7, 9

*Blue Mountains Biodiversity v. Jeffries,*
   No. 24-300, 2025 WL 76440 (Jan. 13, 2025) ............................................................ 4

*Center for Biological Diversity v. Zinke,*
   No. 18-CV-00064-SLG, 2018 WL 8805325 (D. Alaska Nov. 16, 2018) ............. 11, 12

*Citizens to Preserve Overton Park v. Volpe,*
   401 U.S. 402 (1971) .................................................................................................. 18

*Department of Interior v. Klamath Water Users Protective Association,*
   532 U.S. 1 (2001) ...................................................................................................... 11

*Fla. Power & Light Co. v. Lorion,*
   470 U.S. 729 (1985) .................................................................................................... 6

*FTC v. Warner Commc'ns Inc.,*
   742 F.2d 1156 (9th Cir. 1984) ............................................................................... 5, 10

*Goffney v. Becerra,*
   995 F.3d 737 (9th Cir. 2021) ...................................................................................... 6

*Lands Council v. McNair,*
   537 F.3d 981 (9th Cir. 2008) ................................................................................... 2, 3

*Lotus Vaping Techs., LLC v. U.S. FDA,*
   73 F.4th 657 (9th Cir. 2023) ..................................................................................... 12

*McCrary v. Gutierrez,*
   495 F. Supp. 2d 1038 (N.D. Cal. 2007) .................................................................... 21

*Meeker v. Berryhill,*
   No. 17-CV-05212-DWC, 2017 WL 6547473 (W.D. Wash. Dec. 22, 2017) ............. 18

*Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,*
   463 U.S. 29 (1983) ...................................................................................................... 4

*Nw. Env't Advocs v. U.S. EPA,*
   No. 05-cv-1876-HA, 2009 WL 349732 (D. Or. Feb. 11, 2009) ............................... 10

*Nw. Env't Advocs. v. U.S. Fish and Wildlife Serv.,*
   No. 18-CV-01420-AC, 2019 WL 6977406 (D. Or. Dec. 20, 2019) ............................ 7

*Oceana, Inc. v. Ross,*
   920 F.3d 855 (D.C. Cir. 2019) .................................................................................. 5

*Pac. Shores Subdivision Cali. Water Dist. v. U.S. Army Corps of Eng'rs,*
   448 F. Supp. 2d 1 (D.D.C. 2006) ........................................................................ 8, 15

*Petri v. United States,*
   104 Fed. Cl. 537 (2012) ........................................................................................... 20

*Save the Colo. v. U.S. Dep't of the Interior,*
   517 F. Supp. 3d 890 (D. Ariz. 2021) ....................................................................... 14

*State of Del. Dep't of Nat. Res. & Env't Control v. U.S. Army Corps of Eng'rs,*
   722 F. Supp. 2d 535 (D. Del. 2010) ........................................................................ 15

*Thompson v. U.S. Dep't of Labor,*
   885 F.2d 551 (9th Cir. 1989) ...................................................................... 3, 13, 17

*Timm v. Prudential Insurance Co. of America,*
   No. 05-CV-02378-MSK-BNB, 2007 WL 2669134 n.1 (D. Colo. Sept. 6, 2007) ....... 19

*TOMAC v. Norton,*
   193 F. Supp. 2d 182 (D.D.C. 2002) ......................................................................... 8

*Warren v. Hartford Life and Accident Insurance Co.,*
   No. 06-CV-14949, 2007 WL 9752029 n.1 (E.D. Mich. Sept. 19, 2007) .................. 20

*Winter v. Nat. Res. Def. Council, Inc.,*
   555 U.S. 7 (2008) ...................................................................................................... 3

*Xerces Soc'y for Invertebrate Conservation v. Shea,*
   682 F. Supp. 3d 948 (D. Or. 2023) ........................................................................... 7

*Yellowstone to Uintas Connection v. Bolling,*
   No. 20-CV-00192-DCN, 2021 WL 5702158 (D. Idaho Dec. 1, 2021) ............... 15, 16

**Statutes**

5 U.S.C. § 706 .................................................................................................................. 3

5 U.S.C. § 706(2)(A) ....................................................................................................... 3

**INTRODUCTION**

For decades, the Air Force has conducted training exercises at Mountain Home Air Force Base ("MHAFB").  Compl. ¶¶ 48–50, ECF No. 1.  Pilots stationed at MHAFB train with F-15E Strike Eagle aircraft in Special Use Airspace ("SUA") that includes portions of Idaho, Nevada, and Oregon.  *Id.* ¶¶ 1–2, 50.  As outlined in an Environmental Impact Statement ("EIS") prepared pursuant to the National Environmental Policy Act ("NEPA"), and the "Owyhee Airspace Optimization" Record of Decision ("ROD"), the Air Force now seeks to expand opportunities for military aircraft training in the SUA.  *Id.* ¶¶ 2–3.

After Plaintiffs brought this action challenging the sufficiency of the EIS and the ROD, the Air Force compiled and lodged the Administrative Record ("the Record") with this Court.  ECF No. 24.  On October 9, 2024, Plaintiffs, via letter, identified alleged deficiencies with the Record.  On October 30, 2024, the Air Force responded by explaining its disagreement with Plaintiffs' characterization of the Record but agreeing—in the interest of advancing this litigation forward in a timely manner—to supplement the Record in various respects.  *Decl. of Elizabeth Potter Ex. 2,* ECF No. 32-2.  On December 5, 2024, the Air Force did just that—re-lodging the Administrative Record to supplement the original with numerous additional documents.  ECF No. 28.

Nevertheless, on February 3, 2025, Plaintiffs filed a Motion to Complete the Administrative Record ("Motion"), claiming that "unredacted versions of minutes from meetings about the EIS and ROD; documentation of meetings with outside

1

entities; Plaintiff ONDA's scoping comments; and documents about the Air Force's public engagement process and noise analysis for the EIS" should have been included.  Motion at ECF Header Page 2, ECF No. 31.[1]

While the Air Force will supplement the Record with the requested noise analysis documents, the agency opposes the remainder of Plaintiffs' Motion for four reasons.  First, the remaining documents at issue—including redacted portions of those documents—were properly excluded as privileged and deliberative material.  Second, Plaintiffs' scoping comments were not before the agency, and thus could not have been considered by the agency in issuing the EIS and ROD.  Third, the Record and accompanying index provide for meaningful review, and are far more thorough than those instances where courts have found records inadequate.  Fourth, and finally, a new search is unlikely to identify new documents to be included in the record; instead, efficiency and economy favor proceeding with this litigation rather than engaging in further record disputes.

Consequently, the Record was properly compiled and the index provides for meaningful judicial review.  As such, the Court should deny Plaintiffs' Motion.

## LEGAL STANDARD

Plaintiffs' NEPA claims are reviewed under the Administrative Procedure Act ("APA").  *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008), *overruled in part on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

---

[1] Due to a technical oversight, the Air Force did not produce noise analysis documents in its December 5 supplement and indicated to Plaintiffs, prior to their filing of this Motion, that it intended to produce those documents.

Under the APA, agency action may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). "Review under the arbitrary and capricious standard 'is narrow, and [courts do] not substitute [their] judgment for that of the agency.'" *Lands Council*, 537 F.3d at 987 (citation omitted).

In applying this narrow standard of review, the APA provides that a "court shall review the whole record," 5 U.S.C. § 706, which includes "all documents and materials directly or indirectly considered by agency decision-makers," *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citation and emphasis omitted). But because courts "assess the lawfulness of agency action based on the reasons offered by the agency." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024) (*citing Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 50 (1983)), *cert. denied sub nom. Blue Mountains Biodiversity v. Jeffries*, No. 24-300, 2025 WL 76440 (Jan. 13, 2025). "Deliberative documents, which are prepared to aid the decision-maker in arriving at a decision, are ordinarily not relevant to that analysis." *Id.* (citations omitted). Thus, deliberative materials are typically "not part of" the Record. *Id.* at 445 (*citing Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019)). They are also generally protected from disclosure under the government's "deliberative process privilege," which "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which

3

government decisions and policies are formulated." *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

Relatedly, it is a "well-settled principle[] governing judicial review of agency action under the APA[,]" that "'the whole record[]' is ordinarily 'the record the agency presents[.]'" *Jeffries*, 99 F.4th at 444–45 (*quoting Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)). Thus, "an agency's statement of what is in the record is subject to a presumption of regularity." *Id.* at 445 (*quoting Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021)). This includes the agency's statement of what is deliberative. *Id.* at 444–45. A plaintiff seeking to overcome the presumption can do so only with "clear evidence." *Id.* at 445 (citation omitted); *Xerces Soc'y for Invertebrate Conservation v. Shea*, 682 F. Supp. 3d 948, 953 (D. Or. 2023) (*quoting Nw. Env't Advocs. v. U.S. Fish and Wildlife Serv.*, No. 18-CV-01420-AC, 2019 WL 6977406, at *4 (D. Or. Dec. 20, 2019)).

## ARGUMENT

### I. The Air Force Properly Excluded Deliberative Materials from the Record

#### a. The Redacted and Withheld Materials Are Deliberative

##### i. *Internal Notes*

Plaintiffs argue various Air Force meeting notes, Pls.' Mem. at 13–18, ECF No. 31, and three sets of Air Force meeting documents, *Id.* at 19–20, should have been included in the Record. Plaintiffs, however, received these documents through the Freedom of Information Act ("FOIA"), and "appear[] to [have] confuse[d] the administrative record—the record the agency relied upon in its final action—with

4

FOIA's emphasis on every scrap of paper that could or might have been created." *TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002), *aff'd*, 433 F.3d 852 (D.C. Cir. 2006). If an agency needed to provide the court—as is required under FOIA—with "any potentially relevant document existing within the agency," it would "render judicial review meaningless." *Pac. Shores Subdivision Cali. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006). Regardless, and notwithstanding the Air Force's supplementation of the Record with redacted copies of some of those documents—supplemented in an attempt to resolve this matter without need for judicial intervention—all of these documents are plainly deliberative, and thus no further supplementation is proper. *See* ECF No. 32-2 at 5 (stating the same).

Plaintiffs' exhibits 3 through 27 are entirely "meeting notes" or "meeting minutes." *See* Pls.' Mem. at 13–15; ECF Nos. 32-34. Plaintiffs do not allege that these documents were created outside the agency; they are clearly documents "prepared to aid the decision-maker in arriving at a decision[.]" *Jeffries*, 99 F.4th at 445. Rather, Plaintiffs claim these documents, among other things, do things like: "*[r]eveal[] a discrepancy* in an analysis and an assumption," Pls.' Mem. at 13 (emphasis added); "*reveal uncertainty* [within the agency] about whether its calculations were accurate," *Id.* at 16 (emphasis added); and discuss what "'leadership' *may*" do, *Id.* at 15 (emphasis added). But this is not "factual information upon which the agency has relied," *see* Pls.' Mem. at 16 (*quoting*

5

*Jeffries*, 99 F.4th at 445 n.4)—it is plainly deliberative material.[2] And it is precisely the type of "frank and independent discussion among those responsible for making governmental decisions" that the deliberative process privilege "was developed to promote." *Warner Commc'ns Inc.*, 742 F.2d at 1161.

By way of example, Plaintiffs claim that their Exhibit 3 "[i]dentifies who will sign the ROD," *Id.* at 13, but of course, the agency did not consider *that document* (*i.e.*, Exhibit 3) in issuing either the EIS or ROD. The signed ROD, however, does constitute part of the Record. *See* AR_0000001–AR_0000010. Likewise, Plaintiffs claim that their Exhibit 15 "[d]escribes public comment letters received," but the agency did not consider *Exhibit 15* in issuing either the EIS or the ROD. Instead, the public comments that were considered are part of the Record. *See* AR_0050695–AR_0060353.

Regarding the memoranda of meetings with outside entities, Plaintiffs cite *Department of Interior v. Klamath Water Users Protective Association*, 532 U.S. 1, 16 (2001) and *Center for Biological Diversity v. Zinke*, No. 18-CV-00064-SLG, 2018 WL 8805325, at *7–8 (D. Alaska Nov. 16, 2018), in asserting that documents reflecting "meetings with third-parties" cannot constitute deliberative material. Pls.' Mem. at 20. Those cases, however, do not support that proposition. *Klamath* concerned

---

[2] Plaintiffs attempt to differentiate the documents at issue in their Motion from case law referring to "subjective opinions," *see* Pls.' Mem. at 13 (*quoting Nw. Env't Advocs v. U.S. EPA*, No. 05-cv-1876-HA, 2009 WL 349732, at *6 (D. Or. Feb. 11, 2009)), by developing the phrase "non-subjective opinions"—an internally inconsistent phrase that is not found in case law and appears to be a term Plaintiffs created out of whole cloth.

6

documents that "pass[ed] *between* Indian Tribes and the Department of the Interior" and interpreted FOIA's Exemption 5. 532 U.S. at 1 (emphasis added). The Supreme Court found that exemption inapposite because, *inter alia,* the documents were "communications *with* outsiders." *Id.* at 8–11 (emphasis added). In fact, *Center for Biological Diversity* emphasized that the deliberative privilege *applies* to "communications entirely within the particular agency." 2018 WL 8805325, at *4. That court noted various cases holding "that courts should not consider those communications that were *entirely within the agency*." *Id.* (emphasis added). The Ninth Circuit recently affirmed this principle. *Lotus Vaping Techs., LLC v. U.S. FDA*, 73 F.4th 657, 675–77 (9th Cir. 2023) (denying post-argument motions to supplement the administrative record with an agency internal memorandum), *petition for cert. filed*, No. 23-871 (U.S. Feb. 9, 2024).

These are the types of communications at issue in Plaintiffs' Exhibits 28 and 29; accordingly, neither comprise "materials directly or indirectly considered by agency decision-makers," *Thompson*, 885 F.2d at 555 (citation and emphasis omitted), and thus no further supplementation is proper. Indeed, the Air Force certified that all such documents are already in the Record. *See Notice of Lodging of Admin. Rec. Ex. 1,* ECF No. 28-1 (Decl. of Colonel Liu). To be sure, the Air Force did share Plaintiffs' Exhibit 30 with the Idaho State Historic Preservation Office and included it in the Record. *See* AR_0050372. Accordingly, Plaintiffs have not shown clear evidence that any of these materials were improperly withheld.

7

### *ii. Public Engagement and Consultation Documents*

Plaintiffs also fail to provide clear evidence that the "Public Scope Management Plan" and the "Public Scoping/Tribal Engagement Summary Report" were improperly excluded, as both documents were correctly withheld as deliberative. The Public Scoping Management Plan expressly states that it is "FOR OFFICIAL USE ONLY" and "NOT FOR PUBLIC RELEASE." *See generally*, *Decl. of Elizabeth Potter Ex. 31* at MHAB-P000260, ECF No. 34-10. The unredacted portions of the document, attached as Plaintiffs' Exhibit 31, demonstrate its deliberative nature. For instance, it includes a "Draft NOI," *id.* at MHAB-P000270, and discusses what the agency "may" do. *Id.* at MHAB-P000272, MHAB-P000275. Thus, Plaintiffs have not shown clear evidence that these materials were improperly withheld.

Plaintiffs acknowledge that the Public Scoping/Tribal Engagement Summary Report was "not produced" through FOIA. Pls.' Mem. at 22. Plaintiffs simply presume this document is non-deliberative because of the "title of this document" and because it is "mentioned in the meeting minutes in the administrative record." *See id.* (*citing* AR_0061123, AR_0061126, AR_0061134). But "documents merely referenced or cited in another document in the administrative record, without clear evidence that these were considered by the agency, cannot be supplemented to the administrative record." *Save the Colo. v. U.S. Dep't of the Interior*, 517 F. Supp. 3d 890, 899 (D. Ariz. 2021). "[S]uch a sweeping application of what was indirectly before the agency would undermine the value of judicial review." *Id.* at 898–99

8

(*citing Pac. Shores,* 448 F. Supp. 2d at 5). Plaintiffs present no such evidence that this material is properly part of the Record.

### b. The Air Force Has Not Waived Deliberative Process Privilege by Releasing Unredacted Documents in Unrelated FOIA Litigation

An agency's disclosure of a document pursuant to a FOIA request does not necessarily constitute waiver of deliberative process privilege, as the two processes are distinct. "A FOIA production request is an entirely discrete legal concept that bears no relation to the administrative record compiled for a court's review under the APA." *Yellowstone to Uintas Connection v. Bolling*, No. 20-CV-00192-DCN, 2021 WL 5702158, at *7 (D. Idaho Dec. 1, 2021) (*quoting State of Del. Dep't of Nat. Res. & Env't Control v. U.S. Army Corps of Eng'rs*, 722 F. Supp. 2d 535, 544 (D. Del. 2010)). Rather, "requiring the addition of voluntarily disclosed deliberative materials to the administrative record runs afoul of an important policy underlying the deliberative process privilege[:] … that 'officials should be judged by what they decided[,] not for matters they considered before making up their minds.'" *Id.* (second alteration in original) (citation omitted).

Waiver should thus not be found here. The release of the document came pursuant to a FOIA request, which the Air Force "was bound by law to respond to, not a voluntary sharing of information to an outside party." *Id.* at *8. Further, the documents were produced only following litigation *resulting* from Plaintiffs' FOIA request. *See* Pls.' Mem. at 6–7 (describing Plaintiffs' FOIA lawsuit). Accordingly, the Court should decline to find waiver of this government's deliberative process privilege.

9

## II.     ONDA's Scoping Comments Are Not Part of the Record Because They Were Not "Before" The Agency

Plaintiffs similarly fail to identify clear evidence that ONDA's scoping comments constitute part of the Record. To the contrary, evidence suggests that ONDA's scoping comments were sent—but not received—by the Air Force. One record document indicates that ONDA employee Jeremy Austin had to "re-send[]" ONDA's comments at least once—suggesting difficulty with the transmission of the comments. *See* AR_0050740. And an Air Force email to Mr. Austin stating the Air Force "was able to direct your Oregon Natural Desert Association's scoping comments to the website comment box," does not indicate that those comments were actually *received* by that box. *See* AR_0050734.

Plaintiffs' attempt to show otherwise—through Mr. Austin's declaration—fails to satisfy their high burden of clear evidence. As it concerns *receipt* of the comments, the declaration states merely that an unnamed "ONDA staff member copied . . . confirmed that the attached link to ONDA's scoping comments worked and allowed the [ONDA] *staffer* to download the scoping comments and attachments." Decl. of Jeremy Austin at 1, ECF No. 35 (emphasis added). But at most, this establishes that the comments were before *ONDA*; the "critical inquiry" is whether the comments were before the *agency*. *Thompson*, 885 F.2d at 555–56 ("The Supreme Court has stated that judicial review is to be based on the full administrative record before the agency when it made its decision. Consequently, the critical inquiry is whether these letters were before the Secretary at the time of the decision." (*citing Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420

10

(1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Clear evidence does not indicate they were.

### III. Plaintiffs Have Not Demonstrated the Index as Organized Fails to Permit Meaningful Review

An Administrative Record should be compiled in a way that permits "meaningful or informed judicial review." *Meeker v. Berryhill*, No. 17-CV-05212-DWC, 2017 WL 6547473, at *2 (W.D. Wash. Dec. 22, 2017) (citation omitted). If that standard is met, a Court does not direct "ministerial correction[s]." *Id.* (alteration in original) (citation omitted). Here, for each document lodged in the Record, the Air Force's index identifies:

- Bates number range (i.e., Bates number for both the first and last pages of the document);
- Total number of pages in the document;
- Document category as follows:
  - 001 – FINAL EIS ROD Docs,
  - 002 – Research,
  - 003 – Correspondence,
  - 004 – Public Comments,
  - 005 – Notices and Exhibits,
  - 006 – Other;
- File name; and
- Whether the document is a "parent" or "child."

*Notice of Lodging of Admin. Rec. Ex. 2,* ECF No. 28-2. This information permits the Court (and Plaintiffs) to quickly identify and locate a particular document, the type of information it contains, and whether there are associated documents. Accordingly, the Air Force's index allows for meaningful or informed judicial review.

Plaintiffs cite to three cases that "criticize poorly organized and records." Pls.' Mem. at 24. But those cases do not support Plaintiffs' position. First, in *Timm v. Prudential Insurance Co. of America,* No. 05-CV-02378-MSK-BNB, 2007 WL

11

2669134, at *1 n.1 (D. Colo. Sept. 6, 2007), the Court found it difficult to review the Record because, *inter alia*, "no index as to the record [was] provided." Here, an index was provided. Second, in *Warren v. Hartford Life and Accident Insurance Co.*, No. 06-CV-14949, 2007 WL 9752029, at *2 n.1 (E.D. Mich. Sept. 19, 2007), the court noted again that "there [was] no index, and the documents, medical records and other papers, which are not bound, [were] not organized in any logical fashion, chronologically or otherwise." Here, documents are plainly organized in a logical fashion. Third, even in *Petri v. United States*, 104 Fed. Cl. 537, 539 n.2 (2012), where the court noted that documents were "difficult to find, sometimes repeated … and often not in chronological order," the court did not direct changes to that record. Of course, the record here is far more comprehensive and organized. The changes Plaintiffs seek here, such as a "description of each document, author, and date," are at most ministerial. Pls.' Mem. at 24. Like the *Petri* court, this Court should also decline to order a reorganization of the index.[3]

## IV. Plaintiffs Have Not Demonstrated That a New Search Is Necessary

The Air Force has certified that, subject to certain noted exceptions, the Administrative Record lodged with the Court "contains those documents considered directly or indirectly by the USAF in connection with publication of the Airspace Optimization EIS and issuance of the ROD." ECF No. 28-1 at 2. Further, "certification of the administrative record is treated like other established

---

[3] Notwithstanding the formatting of the index, if it would aid in the Court's review, the Court might invite the Parties to prepare a Joint Appendix of cited material following briefing on the merits.

12

administrative procedures, and thus entitled to a presumption of administrative regularity." *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (*citing Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)).  For the reasons stated above, Plaintiffs have not rebutted that presumption.  To the extent the Court disagrees, Plaintiffs' concerns largely center on what the agency has redacted—not what the agency has withheld entirely—indicating that the Parties largely agree on what constitutes the scope of the Administrative Record.  Thus, a new search is unlikely to produce additional Record documents.  Plaintiffs additionally argue a new search is needed due to the re-certification, Pls.' Mem. at 22–23, but the Air Force has already explained that the broader certification was only to *confirm* that the Record included documents considered as part of the EIS and ROD.  *See* ECF No. 32-2 at 2.  Accordingly, the Court should decline to order the Air Force conduct a new search for Record documents.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion to complete.

Respectfully submitted this 21st day of February, 2025.

                LISA LYNNE RUSSELL
                Deputy Assistant Attorney General

                *s/ Andrew R. Tardiff*
                ANDREW R. TARDIFF
                EMILY A. DAVIS
                Trial Attorneys
                Natural Resources Section
                Environment and Natural Resources Division
                United States Department of Justice
                P.O. Box 7611
                Washington, DC 20044-7611

                *Attorneys for the United States Department of the Air Force*