**Elizabeth H. Potter (OSB # 105482)**
**Laurence ("Laird") J. Lucas (ISB # 4733)** *Pro Hac Vice*
Advocates for the West
P.O. Box 1682
Bend, OR 97709
(503) 954-2721
epotter@advocateswest.org
llucas@advocateswest.org

**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
2009 NE Alberta St., Ste. 207
Portland, OR 97211
(503) 525-0193
lacy@onda.org

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N,** et al., | Case No. 2:24-cv-00145-HL |
| Plaintiffs, | |
| v. | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPLETE THE ADMINISTRATIVE RECORD** |
| **U.S. DEPARTMENT OF THE AIR FORCE,** | |
| Defendant. | |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ i

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. The Air Force Improperly Excluded Information from the Record as Deliberative ........ 2

A. The Air Force waived any claim that information disclosed under FOIA is deliberative........ 3

B. The Air Force fails to show that internal meeting minutes are deliberative....7

C. Notes from meetings with third parties are not deliberative........ 10

D. Public engagement and consultation documents are not deliberative........ 10

II. ONDA's Scoping Comments Were Before the Agency and Must Be in the Record ........ 11

III. The Court Should Require the Air Force to Revisit the Record and Revise the Index ........ 12

CONCLUSION ........ 15

## TABLE OF AUTHORITIES

### Cases

*Blue Mountains Biodiversity Project v. Jefferies,*
    99 F.4th 438 (9th Cir. 2024)..................................................................................8

*Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*,
    No. 2:19-CV-14243, 2020 WL 2732340 (S.D. Fla. May 26, 2020)...........................5–6, 8

*Ctr. for Biological Diversity v. Zinke*,
    No. 3:18-CV-00064-SLG, 2018 WL 8805325 (D. Alaska Nov. 16, 2018) ......................10

*Ctr. for Food Safety v. Envt'l Protection Agency*,
    No. 23-cv-02714-SI, 2023 WL 8813528 (N.D. Cal. Dec. 19, 2023) ...............................12

*Ctr. for Food Safety v. Vilsack*,
    No. 15-cv-01590-HSG (KAW), 2017 WL 1709318 (N.D. Cal. May 3, 2017)...........12–13

*Citizens to Pres. Overton Park v. Volpe*,
    401 U.S. 402 (1971) .......................................................................................................7

*Cnty. of San Miguel v. Kempthorne*,
    587 F. Supp 2d 64 (D.D.C. 2008).................................................................................3

*Dep't of Interior v. Klamath Water Users Protective Ass'n.*,
    532 U.S. 1 (2001) ......................................................................................................4, 10

*Earth Island Inst. v. Hogarth*,
    494 F.3d 757 (9th Cir. 2007) ..........................................................................................6

*F.T.C. v. Warner Commc'ns Inc.*,
    742 F.2d 1156 (9th Cir. 1984) ........................................................................................9

*Georgia ForestWatch v. United States Forest Serv.*,
    No. 2:19-CV-77-RWS, 2020 WL 13594964 (N.D. Ga. Apr. 22, 2020) ........................3–4

*Gill v. Dep't of Justice*,
    No. 14-cv-03120-RS (KAW), 2015 WL 9258075 (N.D. Cal. Dec. 18, 2015)..................13

*Īlio'ulaokalani Coal. v. Rumsfeld*,
    464 F.3d 1083 (9th Cir. 2006) ........................................................................................8

*Lotus Vaping Techs., LLC v. U.S. FDA*,
    73 F.4th 657 (9th Cir. 2023)..........................................................................................11

*Mead Data Cent., Inc. v. U.S. Dep't of Air Force*,
    566 F.2d 242 (D.C. Cir. 1977).................................................................................3, 11

*Meeker v. Berryhill*,
　　No. 3:17-CV-05212-DWC, 2017 WL 6547473 (W.D. Wash. Dec. 22, 2017) ........... 13–14

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
　　463 U.S. 29 (1983) ................................................................................................. 5–6

*Native Vill. of Point Hope v. Jewell*,
　　740 F.3d 489 (9th Cir. 2014) ...................................................................................... 6

*NLRB v. Sears, Roebuck & Co.*,
　　421 U.S. 132 (1975) ................................................................................................... 6

*Nw. Envt'l Advocs v. U.S. Envt'l Prot. Agency*,
　　No. 05-cv-1876-HA, 2009 WL 349732 (D. Or. Feb. 11, 2009).................................... 6

*Oceana, Inc. v. Pritzker*,
　　No. 16-cv-06784-LHK (SVK), 2017 WL 2670733 (N.D. Cal. June 21, 2017) ............ 9

*Pacific Choice Seafood Company v. Ross*,
　　976 F.3d 932 (9th Cir. 2020) ...................................................................................... 6

*Robertson v. Methow Valley Citizens Council*,
　　490 U.S. 332 (1989) ................................................................................................. 12

*Rojas v. Fed. Aviation Admin.*,
　　989 F.3d 666 (9th Cir. 2021) ...................................................................................... 6

*Save the Colorado v. United States Dep't of the Interior*,
　　517 F. Supp. 3d 890 (D. Ariz. 2021) ........................................................................ 11

*Silverton Mountain Guides LLC v. U.S. Forest Serv.*,
　　No. 3:22-CV-00048-JMK, 2023 WL 3042136 (D. Alaska Apr. 21, 2023)................... 3

*State of Cal. v. Block*,
　　690 F.2d 753 (9th Cir. 1982) .................................................................................... 12

*State of Del. Dept. of Nat. Resources & Env'tl Control v. U.S. Army Corps of Eng'rs*,
　　722 F. Supp. 2d 535 (D. Del. 2010) ........................................................................... 3

*Thompson v. U.S. Dep't of Labor*,
　　885 F.2d 551 (9th Cir. 1989) ...................................................................................... 5

*UnitedHealthcare Ins. Co. v. Azar*,
　　316 F. Supp. 3d 339 (D.D.C. 2018).......................................................................  3–4

*Xerces Soc'y for Invertebrate Conservation v. Shea,*
　　682 F. Supp. 3d 948 (D. Or. 2023) ............................................................................. 7

*Yellowstone to Uintas Connection v. Bolling*,
    No. 20-cv-00192-DCN, 2021 WL 5702158 (D. Idaho Dec. 1, 2021)..............................2–5

# INTRODUCTION

Defendant U.S. Air Force mounts a weak defense to Plaintiffs' main argument that the release of unredacted portions of internal meeting minutes and other documents waived any claim that information is deliberative. The Air Force relies solely on an unpersuasive district court decision, ignoring nearly all other cases that reached the opposite conclusion. The agency also fails to explain why it is blocking this Court from reviewing information that was not withheld under the Freedom of Information Act's (FOIA) deliberative process privilege. The Court should reject the Air Force's withholding of information that goes to the heart of Plaintiffs' challenge to the controversial expansion of fighter jet training in the Owyhee Canyonlands.

Regardless of whether the Air Force waived the privilege, the Court should find that the agency failed to show the withheld information is all deliberative. Plaintiffs explained, in detail, why the information that the Air Force redacted in two dozen meeting minutes and documents it withheld from the administrative record, are not deliberative. In response, the Air Force advances a sweeping claim that internal meeting minutes are categorically deliberative, which is inconsistent with the release of that information under FOIA and in the record. The Air Force then relies on a few isolated examples to support its claim, ignoring the vast majority of the documents at issue along with most of Plaintiffs' arguments. As for Plaintiff Oregon Natural Desert Association's (ONDA) scoping comments, the Air Force doubles down on its perplexing argument that an Air Force email confirming the agency "was able" to forward the comments internally is not evidence that the agency actually received them.

The Court should reject these defenses and order the Air Force to revisit and update the administrative record with the information at issue.

**ARGUMENT**

**I.     The Air Force Improperly Excluded Information from the Record as Deliberative.**

Plaintiffs' Motion centers on the Air Force's waiver of the deliberative process privilege for information that was released under FOIA and argues that regardless of waiver, the information withheld from the record is not all deliberative. *Plaintiffs' Motion to Complete the Administrative Record* ("Motion") at 9–18 (ECF No. 31); Exs. 3–27 (FOIA versions) (ECF Nos. 32, 33, 34).[1] The Air Force responds with a cursory defense to Plaintiffs' waiver argument and a categorical argument that all of the information is deliberative, but the agency does not generally contest that it considered the information. *Defendant's Response to Plaintiffs' Motion to Complete the Administrative Record* ("Def. Resp.") at 4–9 (ECF No. 37). These defenses are superficial and ignore the bulk of Plaintiffs' arguments and fail to show that the Air Force properly redacted and withheld these documents from the record.

**A.  The Air Force waived any claim that information disclosed under FOIA is deliberative.**

The Air Force devotes less than a page of its brief to Plaintiffs' waiver argument, relying on *Yellowstone*, a single outlier case, and ignoring the bulk of cases that contradict its position. *Compare* Motion at 10–12 *with* Def. Resp. at 9 (citing only *Yellowstone to Uintas Connection v. Bolling*, No. 4:20-cv-00192-DCN, 2021 WL 5702158, at *7 (D. Idaho Dec. 1, 2021)).

*Yellowstone* held that an agency did not waive the deliberative process privilege by releasing documents under FOIA. 2021 WL 5702158, at *8–9. To support its decision, the court stated that this issue "is not commonly discussed" in cases and found that "two holdings [] discuss the effects of FOIA disclosure on the deliberative documents in the administrative

---

[1] As Plaintiffs explained in their motion, these documents are just examples; the record contains other meeting minutes with redactions that were not in the FOIA versions. Motion at 12, n.5.

record." 2021 WL 5702158, at *7–8 (referencing *State of Del. Dept. of Nat. Resources & Env'tl Control v. U.S. Army Corps of Eng'rs*, 722 F. Supp. 2d 535, 544 (D. Del. 2010) and *UnitedHealthcare Insurance Co. v. Azar*, 316 F. Supp. 3d 339, 348–349 (D.D.C. 2018)).

But the court was wrong—other cases had already grappled with this issue and reached the opposite conclusion. *County of San Miguel v. Kempthorne* held that disclosure of documents reflecting an agency's "deliberations" under FOIA along with "draft publications" waived any privilege to "shield these documents from" an administrative record. 587 F. Supp. 2d 64, 75–76 (D.D.C. 2008); *Georgia ForestWatch v. U.S. Forest Service* similarly held that internal emails disclosed under FOIA were not privileged. 2:19-cv-77-RWS, 2020 WL 13594964, at *4–5 (N.D. Ga April 22, 2020). *Mead Data* held broadly that the privilege does not apply to documents disclosed to an outside entity where an agency has "no control over further disclosure." *Mead Data Central, Inc. v. U.S. Department of the Air Force*, 566 F.2d 242, 257–258 (D.C. Cir. 1977), Like *Yellowstone*, the Air Force ignores these cases and others. Motion at 11; *see Silverton Mountain Guides LLC v. U.S. Forest Serv.*, No. 3:22-CV-00048-JMK, 2023 WL 3042136, at *4 (D. Alaska Apr. 21, 2023) (finding information disclosed to a third party was not deliberative).

In fact, the *only* other case that Plaintiffs are aware of that supports the Air Force's position is *State of Delaware*. 722 F. Supp.2d at 544. That court did not find that waiver may *never* occur through disclosure under FOIA but rather that waiver does not "necessarily *mandate*[] the addition of such documents to the administrative record." *Id*. Moreover, the court's holding that waiver did not occur is unpersuasive because it was based on a generic comparison of the Administrative Procedure Act (APA) and FOIA. *See Georgia ForestWatch*, 2020 WL 13594964, at *4 (rejecting the reasoning in *State of Delaware*).

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE                                              3

*Yellowstone* also relied on *UnitedHealthcare*, 316 F. Supp. 3d at 349, even though that court reached the opposite conclusion based on the mere fact that unredacted information was disclosed under FOIA. Yet *Yellowstone* did not distinguish that holding or the facts despite these clear commonalities. 2021 WL 5702158, at *8. Instead, the court distinguished its facts (a pipeline project involving the Forest Service) from those in another case (a dispute over presidential records) without explaining why those differences were relevant. *Id.* (citing *In re Sealed Case*, 121 F.3d 729, 734–735, 740 (D.C. Cir. 1997)).

The Air Force also claims that it was legally bound to respond to ICL's FOIA request, so its release was not voluntarily. Def. Resp. at 9. The agency is wrong because it could have withheld the information as deliberative under FOIA's exemption 5. 5 U.S.C. § 552(b)(5); *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (describing FOIA's deliberative process privilege as "exemption 5"). As *Georgia ForestWatch* aptly explained:

> Given that FOIA contains an exemption that specifically encapsulates the [deliberative process] privilege, *see, e.g., Broward Bulldog, Inc. v. U.S. Dep't of Justice*, 939 F.3d 1164, 1194 (11th Cir. 2019), there can be little doubt that producing the document in response to a FOIA request waives the privilege in that context. And while a FOIA production differs in purpose and scope from the compilation of the record for review under the APA, *see Delaware Dep't of Nat. Res. & Envtl. Control*, 722 F. Supp. 2d at 544 ("A FOIA production request is an entirely discrete legal concept that bears no relation to the administrative record compiled for a court's review under the APA"), the operation of the privilege is identical in both contexts. Ultimately, it serves the same purpose— 'safeguard[ing] the quality of agency decisions'—regardless of the type of document production in which it arises. Thus, neither its invocation nor its waiver is confined to a particular statute or type of claim.

2020 WL 13594964, at *4. Accordingly, the Air Force's release of information under FOIA meant one of two things: either the agency determined it was *not* deliberative and thus *must* be produced under FOIA, or that it *was* deliberative and may be withheld under exemption 5 but the

Air Force decided to voluntarily produce it anyway.[2] Because the Air Force now asserts that the information is deliberative, the agency presumably chose the latter—voluntary release.

Furthermore, the internal meeting notes released under FOIA include redactions under several privileges, including exemption 5, indicating that the Air Force determined only some information was deliberative. *See, e.g.*, Exs. 3 at 2–5, 7–9 (redactions labeled as "(b)(5)") (ECF No. 32-3). Inexplicably, when producing the same meeting minute notes in the administrative record for this case, the Air Force removed some of the previous (b)(5) redactions and added many new and different redactions. *See* Motion at 13–15 (listing the page numbers and content of the new redactions). If the unredacted information that was disclosed under FOIA "would truly expose [the] agency's decision-making process in such a way as to discourage candid discussion within the agency, that presumably would have resulted in an invocation of privilege at the FOIA stage." *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. 2:19-cv-14243, 2020 WL 2732340, at *7 (S.D. Fla. May 26, 2020) (cleaned up).

Next, the Air Force also argues that agencies may not be judged "for matters they *considered* before making up their minds.'" Def. Resp. at 9 (quoting *Yellowstone*, 2021 WL 5702158, at *7 (emphasis added)). To the contrary, courts must review the whole record that was before the agency at the time of its decision, which "consists of all documents and materials directly or indirectly *considered* by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (cleaned up) (emphasis added). Although agencies' decisions are to be judged "on the basis articulated by the agency itself," *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto.*

---

[2] The Air Force notes that it produced the documents after Plaintiff Idaho Conservation League (ICL) filed litigation but fails to disclose it did so under a voluntary production schedule that was not court-ordered. *ICL v. Air Force*, No. 1:23-cv-440-DKG, ECF No. 28 (D. Idaho Feb. 5, 2025).

*Ins. Co.*, 463 U.S. 29, 50 (1983), the Ninth Circuit considers documents from throughout an agency's decision-making process, including internal ones, when reviewing an agency's final decision under the APA. *See Pacific Choice Seafood Company v. Ross*, 976 F.3d 932, 936, 942 (9th Cir. 2020) (rejecting argument that the court should ignore early materials considered by the agency and "examine only" the final decision); *see, e.g.*, *Native Vill. of Point Hope v. Jewell*, 740 F.3d 489, 499–502 (9th Cir. 2014) (relying on "internal [agency] emails" and "draft scenario[s]" regarding an inaccurate estimate of anticipated oil production within an Environmental Impact Statement (EIS) to find a violation of the National Environmental Policy Act (NEPA)); *Earth Island Inst. v. Hogarth*, 494 F.3d 757, 768–69 (9th Cir. 2007) (citing agency "internal memoranda" to determine an agency's finding was arbitrary under the APA).

Critically, the Air Force ignores the fundamental purpose of the deliberative process privilege, which is to prevent deliberative material from being "made public." *Rojas v. Fed. Aviation Admin.*, 989 F.3d 666, 673 (9th Cir. 2021) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). Once a document is released to the public, the agency can no longer further the privilege's purpose of "maintaining the confidentiality" of that document. *See Nw. Envt'l Advocs v. U.S. Envt'l Prot. Agency*, No. 05-cv-1876-HA, 2009 WL 349732, at *3, 6 (D. Or. Feb. 11, 2009) (citation omitted). Moreover, "a document is only deliberative if its disclosure would frustrate the purposes of the privilege." *Id.* at *6. Because the agency could have claimed the privilege but did not, "it would seem that the damage has already been done by the agency's voluntary disclosure of the documents." *Ctr. for Biological Diversity*, 2020 WL 2732340, at *7.

Finally, the Air Force fails to explain why it reversed course and determined that information already released should now be protected as deliberative. Given that the information sheds light on Plaintiffs' claims, the Air Force may be attempting to prevent this Court from

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE                                    6

considering potentially adverse information about the challenged decisions. For example, the redacted information explains that the Air Force refused to hold a public hearing in Oregon because it illogically determined that no communities in eastern Oregon were "suitable for hosting a public hearing, Ex. 7 at 2 (ECF No. 32-7); describes comments and opposition from Tribal members, Ex. 29 at 1–2 (ECF No. 34-8); and reveals potential inaccuracies in baseline calculations that may have undermined the EIS's noise analysis. *E.g.*, Ex. 5 at 2–4 (ECF No. 32-5). The Court should not let the Air Force block such important information from the "thorough, probing, in-depth review" of agency action that is required in APA cases like this. *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 415, 419 (1971).

For these reasons, the Court should reject the Air Force's cursory defense and find the agency waived any claim that information in documents disclosed under FOIA is privileged. Because the Air Force did not generally contest that it considered the documents at issue during its decision-making process,³ the Court should order the Air Force to add them to the record.

**B. The Air Force fails to show that internal meeting minutes are deliberative.**

In the event that the Court does not find waiver occurred, the Court should hold that the internal meeting notes are not deliberative. As required, Plaintiffs' Motion included a detailed table and several pages of argument to show the redacted information is not deliberative and important for the Court's review. Motion at 13–18; *see Xerces Soc'y for Invertebrate Conservation v. Shea*, 682 F. Supp. 3d 948, 956–957 (D. Or. 2023) (citation omitted) (explaining that a party may not merely proffer "broad categories" of documents that may exist). In response, the Air Force proclaims that the meeting minutes are "plainly deliberative material" because they

---

³ The Air Force only raised this issue briefly with regard to Exhibits 3 and 15 when arguing those documents are deliberative, which Plaintiffs addressed below. Def. Resp. at 6.

were prepared to aid the decision-maker, citing to *Blue Mountains Biodiversity Project v. Jefferies*, 99 F.4th 438, 445 (9th Cir. 2024). Def. Resp. at 5–6.

But *Jefferies* does not support the Air Force's sweeping defense. *Jefferies* held that a district court did not abuse its discretion by declining to require a privilege log for deliberative documents—an issue not implicated by Plaintiffs' Motion. 99 F.4th at 445. The Ninth Circuit neither considered whether any specific materials were deliberative nor suggested that all internal documents like meeting minutes are deliberative. *Id*. Instead, the court clarified that district courts are to determine "whether materials are in fact deliberative." *Id*.

Given that the Ninth Circuit has relied on documents like internal meeting minutes to find that an agency violated NEPA, it is not "plainly" obvious that all of the Air Force's internal meeting minutes are deliberative. *See supra* at 6; *see also Īlioʻulaokalani Coal. v. Rumsfeld*, 464 F.3d 1083, 1096–97 (9th Cir. 2006) (relying on internal meeting minutes to find that an agency violated NEPA). Allowing the Air Force to categorically withhold all internal meeting minutes regardless of their content would allow "agencies to sanitize the record available to reviewing courts, thereby severely curtailing meaningful judicial review of administrative action." *Jefferies*, 99 F.4th at 450 (Berzon, J., respecting the denial of rehearing en banc); *see also Ctr. for Biological Diversity*, 2020 WL 2732340, at *7 (allowing an agency to withhold a document "even if it would not qualify for the deliberative process privilege...would transform the deliberative process privilege into a kind of super-privilege in APA cases"). The Air Force's categorical position is also inconsistent with its decision to voluntarily disclose meeting minutes under FOIA. If the agency believed that internal meeting minutes were categorically deliberative, it should have withheld them in full. *Ctr. for Biological Diversity*, 2020 WL 2732340, at *7.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE                                8

With regard to the dozens of specific redactions at issue, the Air Force addresses just a few, stating without support that notes about analytical discrepancies and assumptions in the EIS and mitigation measures are deliberative. Def. Resp. at 5–6. But contrary to the Air Force's contention, those few examples are not analogous to the memoranda at issue in *Federal Trade Commission v. Warner Communications*, which contained "analyses" of the potential effects of a merger on competition, along with specific recommendations on whether the agency should challenge the merger. 742 F.2d 1156, 1161 (9th Cir. 1984). Here, the meeting minutes do not contain such information but instead document the agency's progress on the EIS and include factual information about the EIS's calculations and mitigation measures proposed by the Air National Guard and the U.S. Environmental Protection Agency that the Air Force rejected. Ex. 7 at 4 (ECF No. 32-7); Ex. 25 at 2 (ECF No. 34-4).

The Air Force then tackles isolated redactions in just two documents, Exhibits 3 and 15, and simply argues, without support, that it did not consider those meeting minutes. Def. Resp. at 6. This position is puzzling given that inclusion of these documents in the record means that the agency considered them. *See* ECF No. 28-1 ¶ 5 (certifying that the record includes documents the agency considered). Moreover, it is implausible that meeting minutes prepared by agency staffers about progress on the EIS *were not* considered during the decision-making process for the EIS. *See Oceana, Inc. v. Pritzker*, No. 16-cv-06784-LHK (SVK), 2017 WL 2670733, at *4 (N.D. Cal. June 21, 2017) (documents relied upon by staff were considered by agency).

Given that the Air Force previously declined to label the redacted information as deliberative, the agency should have done more to explain why it now contends the meeting minutes are deliberative. For these reasons, the Court should order the Air Force to add internal meeting minutes that it disclosed under FOIA to the administrative record.

### C. Notes from meetings with third parties are not deliberative.[4]

To support its argument that notes from meetings with third parties are not deliberative, the Air Force distinguishes the cases Plaintiffs cite on the grounds that they did not involve fully internal communications. Def. Resp. at 6–7 (distinguishing *Klamath Water Users*, 532 U.S. at 16 and *Ctr. for Biological Diversity v. Zinke*, No. 3:18-CV-00064-SLG, 2018 WL 8805325, at *7–8 (D. Alaska Nov. 16, 2018)). This argument ignores the content of the meeting notes at issue, which are just summaries of the information exchanged at those meetings with third parties. Exhibits 28 and 29 (ECF Nos. 34-7, 34-8). Accordingly, the notes are more akin to those in *Mead Data,* which held that the Air Force's "running summary of the offers and counter-offers made by each side in the Air Force's negotiations with" a third party were not deliberative. 566 F.2d at 257. Given the closely analogous situation here, the Court should find that Exhibits 28 and 29 are not deliberative. The Air Force also argues that a recent Ninth Circuit case supports its position but that case involved a post-argument motion to supplement, not complete, the record and did not address whether the internal meeting minutes were deliberative. Def. Resp. at 7 (citing *Lotus Vaping Techs., LLC v. U.S. FDA*, 73 F.4th 657, 675–677 (9th Cir. 2023)).

### D. Public engagement and consultation documents are not deliberative.

The Air Force's argument that the Public Scoping Management Plan is not deliberative is weak. Ex. 31 (ECF No. 34-10). The agency asserts that the document's label "NOT FOR PUBLIC RELEASE" is dispositive, which improperly elevates form over substance and ignores that the agency *did* voluntarily release that document to the public under FOIA. Def. Resp. at 8. The agency also argues that the document includes a "Draft NOI" (notice of intent) and then

---

[4] The Air Force correctly points out that Exhibit 30 is in the revised record, so the Court need not consider Plaintiffs' request with regard to that document. Plaintiffs apologize for the oversight.

cites to a few comments in the document that describe what the agency "may" do. *Id*. These isolated points do not demonstrate that the entire 114-page document is deliberative. Ex. 31. The Air Force could have easily redacted those isolated portions of the document that it claims are deliberative and released the rest, which it did not.

For the Public Scoping/Tribal Engagement Summary, the Air Force dings Plaintiffs for relying on the title of the document, but Plaintiffs do not have access to the content of the document because the agency withheld it under FOIA. Def. Resp. at 8. The Air Force also relies on *Save the Colorado v. U.S. Department of the Interior*, but that case is easily distinguishable. 517 F. Supp.3d 890 (D. Ariz. 2021). There, plaintiffs sought to complete the record with references that were listed in two "foundational reports" on which the agency relied, but the court found a lack of evidence those references were actually considered by the agency. *Id*. at 898–899. In contrast, the Public Scoping/Tribal Engagement Summary is a document that the Air Force created to support the EIS and is not merely a remote study mentioned in another record document. Moreover, this document appears to summarize the comments and information obtained from third parties and tribes, making it more akin to the summaries of third-party discussions that the D.C. Circuit held were not deliberative in *Mead Data*, 566 F.2d at 257.

For these reasons, the Court should find that these documents are not deliberative and must be included in the record.

**II.    ONDA's Scoping Comments Were Before the Agency and Must be in the Record.**

The Air Force relies on a flimsy defense to support its position that ONDA's scoping comments are not part of the record. The Air Force argues that its own email stating an agency staffer "was able to direct" ONDA's comments to the agency's website comment box does not indicate that those comments were actually *received* by that box. Def. Resp. at 10 (citing

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE                                       11

AR_0050734) (emphasis in original). But as the agency concedes, the "critical inquiry" is if the comments "were before the *agency*," Def. Resp. at 10, not whether the *box* received them.

The Air Force would only be "able to direct" ONDA's comments from one location to another within the agency if it had received them. If the Air Force did not receive the comments or experienced technical difficulties with them, its response was misleading and prevented ONDA from being heard in the scoping process. Given that "NEPA's public comment procedures are at the heart of the NEPA review process," the Air Force must facilitate, not impede, a party's ability to submit comments. *State of Cal. v. Block*, 690 F.2d 753, 770 (9th Cir. 1982); *see also Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 (1989) (explaining one of NEPA's twin aims is to involve the public in the agency's decisionmaking process).

For these reasons, the Court should order the Air Force to include ONDA's comments in the record. *See Center for Food Safety v. Envt'l Protection Agency*, No. 23-cv-02714-SI, 2023 WL 8813528, at *3 (N.D. Cal. Dec. 19, 2023) (finding that "materials provided to an agency during a decision-making process related to the subject matter of that decision logically fit within the category of 'indirectly considered'").

**III.     The Court Should Require the Air Force to Revisit the Record and Revise the Index.**

Plaintiffs have rebutted the presumption of regularity by identifying numerous documents that were improperly withheld, warranting an order that the Air Force must complete the record with the missing documents. *See Ctr. for Food Safety*, 2023 WL 8813528, at *4 (finding that FOIA documents indirectly considered by the agency rebutted presumption). Plaintiffs' Motion explained that the scope of the improper withholdings and other irregularities in the record warrant a new search as well. *Ctr. for Food Safety v. Vilsack*, No. 15-cv-01590-HSG (KAW), 2017 WL 1709318, at *4 (N.D. Cal. May 3, 2017) (ordering the agency to "revisit the AR to

ensure its completeness" after finding that the presumption was rebutted); *Gill v. Dep't of Justice*, No. 14-cv-03120-RS (KAW), 2015 WL 9258075, at *6 (N.D. Cal. Dec. 18, 2015) (same).

In response, the Air Force simply re-asserts that the record is entitled to a presumption of regularity because the agency did not improperly withhold any documents. Def. Resp. at 12–13. This argument misses the point—Plaintiffs are requesting a new search only if the Court agrees that they rebutted the presumption of regularity.

The Air Force next argues that a new search is not required because Plaintiffs' Motion focuses on redactions and the parties largely agree on the scope of the record. The Air Force is wrong: Plaintiffs' Motion details other flaws with the record, including the exclusion of documents that were released to the public or third parties, summaries of communications with third parties, and public comments sent to the agency. Motion at 18–22. The Motion also lists other irregularities, including documents that the agency considered but failed to retain copies of for the record and almost a year of weekly meeting minutes that are missing. Motion at 23. But the Air Force ignores these flaws, along with the cases that Plaintiffs cited. Def. Resp. at 12–13.

The Air Force instead argues that its revised record is complete simply because its revised certification says it is, ignoring that the agency subsequently admitted that the revised record improperly excluded noise documents that supported the EIS. Motion at 20–21. Def. Resp. at 2, fn.1. This is the second time that Plaintiffs have demonstrated that the Air Force incorrectly certified the record as complete. *See* ECF No. 24-1 (initial certification); Ex. 1 (ECF No. 32-1) (Plaintiffs identifying numerous EIS references and documents that were missing); Ex. 2 (ECF No. 32-2) (Air Force admitting that it should include many of those documents in the record).

Finally, the Air Force defends its index by arguing that a record must simply allow "meaningful or informed judicial review." Def. Resp. at 11 (quoting *Meeker v. Berryhill*, No.

3:17-CV-05212-DWC, 2017 WL 6547473, at *2 (W.D. Wash. Dec. 22, 2017) (citation omitted)). Plaintiffs agree. Here, the problem is that the index and format frustrate judicial review. For example, the record's format buries the overwhelming and detailed opposition comments from locals, conservation organizations, Tribal members, experts, and others along with public hearing transcripts into a single, hard-to-navigate document that is 1362 pages long. Motion at 24; AR_0051449–AR_052810; ECF No. 28-2 at 35 (single index entry for dozens of comments and transcripts). The agency then took the opposite approach by logging thousands of predominately short, "form" email comments as several thousand PDFs that makes the index more challenging to review and the record appear more voluminous than it is. ECF 28-2 at 36–583 (thousands of index entries for such comments).

Similarly, the Air Force's omission of information like the author, date, and coherent document descriptions makes it challenging to find documents in the record. ECF No. 28-2 at 35–583 (index). The Air Force claims that this format allows the Court and Plaintiffs to "quickly identify and locate a particular document, the type of information it contains, and whether there are associated documents." Def. Resp. at 11. Counsel for Plaintiffs beg to differ—this format took a substantially greater amount of time to review than it would have if the agency followed the common format used in the District of Oregon by the Department of Justice and federal agencies for complex environmental cases like this. *Compare* ECF No. 28-2 at 1–25 (including all scientific documents, references, agency documents, and other documents under a broad category labeled "research" with cryptic titles that lack sufficient identifying information for most and without an alphabetical, chronological, or practical order) *with* ECF No. 34-12 at 11–32 (organizing EIS references alphabetically by their primary author and including the full citation with information like authors, scientific document title, publication name and pages, and date).

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE                                14

The Air Force's offer to prepare a Joint Appendix of cited material following briefing on the merits would not cure the problems that Plaintiffs have identified, particularly if the Court needs to review documents beyond those cited by the parties. Def. Resp. at 12, n.13. This requirement in the District Court for the District of Columbia allows an agency to withhold the complete administrative record from the court, LCvR 7(n),[5] but is not followed in this district.

Finally, the Air Force distinguishes the cases cited by Plaintiffs based on factual differences but ignores their overarching points—an administrative record must be well-organized and indexed to permit meaningful judicial review, and the record here is not. Accordingly, if the Court agrees that Plaintiffs have rebutted the presumption of regularity, it should order the Air Force to conduct a new search and prepare a better organized index and record when it completes the record with the missing documents.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion and order the Air Force to complete the administrative record in this case in the ways identified above.

Respectfully submitted this 7th day of March, 2025.

<div style="text-align:right">

*s/ Elizabeth H. Potter*
ELIZABETH H. POTTER
LAURENCE ("LAIRD") J. LUCAS
Advocates for the West
P.O. Box 1682
Bend, OR 97709

PETER M. ("MAC") LACY
Oregon Natural Desert Association
2009 NE Alberta St., Ste. 207
Portland, OR 97211

*Attorneys for Plaintiffs*

</div>

---

[5] https://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules